UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

NATIONAL FIRE INS. CO. OF HARTFORD
*et al.*,

               Plaintiffs,

      v.

E. MISHAN & SONS, INC.,

               Defendant.

13-cv-5774

**OPINION**

---

Defendant E. Mishan & Sons ("Emson") brings a motion to alter or amend the court's

judgment pursuant to Fed. R. Civ. P. 59(e). Specifically, Emson requests reconsideration of the

court's opinion of September 16, 2014, which granted summary judgment to plaintiffs National

Fire Insurance Company of Hartford, Valley Forge Insurance Company, and Transportation

Insurance Company. In that opinion, the court held that plaintiffs, insurers, were not required to

defend Emson, an insured, in certain class action suits, because the allegations against Emson in

the underlying complaints fall within a policy exclusion.

The motion to alter or amend judgment is denied.

### Applicable Legal Standard

A party moving for reconsideration must set forth "concisely the matters or controlling

decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. The standard is

strict and reconsideration should be denied unless a moving party brings forth information that

"might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX

Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is inappropriate where the

1

movant attempts to re-litigate an issue already decided. *New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010).

## Discussion

In two underlying class actions, Emson faces allegations relating to its provision of customers' private data to a third party. The court held in its opinion of September 16, 2014, that plaintiffs have no duty to defend Emson in those class actions, because the allegations fall within a policy exclusion for injuries caused by the insured's "knowing violations of the rights another." Emson contends that the court's holding was mistaken because some of the claims in the underlying complaints do not require knowing violations.

The court concluded that the factual allegations in the underlying complaints, upon which all of the claims against Emson rest, necessarily concern knowing violations. In the instant motion, Emson points to no dispositive law or fact that the court overlooked.

## Conclusion

Defendant's motion to file a reply memorandum is granted. The court has considered the reply.

Defendant's motion to alter or amend judgment is denied.

This resolves the motions listed at numbers 36 and 39 in this case, 13 Civ. 5774.

So ordered.

Dated:   New York, New York
         June 10, 2015

Thomas P. Griesa
United States District Judge

2